No. 68,080

In the Matter of TIMOTHY P. WOOD, *Respondent.*

(840 P.2d 519)

Opinion filed October 30, 1992.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for the petitioner.

There was no appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Timothy P. Wood, of Wichita, Kansas, an attorney duly admitted and licensed to practice law in Kansas.

Initially, respondent's conduct in question was confined to a complaint that he had been paid $575 to dismiss a California-filed Chapter 13 bankruptcy proceeding and to file a Chapter 7 bankruptcy proceeding in Kansas. The review committee of The Kansas Board for Discipline of Attorneys reviewed the complaint and found that there was probable cause to believe that respondent had violated the Model Rules of Professional Conduct as alleged in the complaint. The complaint of conduct involved not completing the work in a timely manner, not responding to the client's telephone calls, and not returning the fees paid or the client's papers upon request. Ultimately, respondent did complete the bankruptcy proceedings. In his written response, respondent stated he had no real excuse for the delays and was willing "to take my medicine." The review committee directed the imposition of informal admonition for violations of the Model Rules of Professional Conduct 1.3 (1991 Kan. Ct. R. Annot. 232) and 1.4 (1991 Kan. Ct. R. Annot 234).

On September 25, 1991, the Disciplinary Administrator's Office sent a letter to respondent directing him to appear for the imposition of the informal admonition on October 10, 1991, at 10:00 a.m. At this point the events take a strange and inexplicable course. Respondent failed to appear on October 10 or to contact

the Disciplinary Administrator's Office. Another letter was sent to respondent advising him to appear on November 14, 1991, and that failure to appear could result in further proceedings. Respondent did not appear although the receipt of the certified letter shows he received the same. Again, respondent did not appear or make any contact. On November 21, 1991, another letter was sent to respondent advising him that the matter was set for December 2, 1991, and that failure to appear would result in further proceedings. Respondent, again, neither appeared nor contacted the Disciplinary Administrator's Office.

On January 3, 1992, the review committee directed a full evidentiary hearing before a hearing panel. The hearing was set for April 8, 1992, and respondent was sent notice thereof, but did not appear. The panel's final hearing report set forth the facts relative to respondent's representation of the client and the events heretofore summarized. The report then states:

### "Conclusions of Law

"From the foregoing facts, the panel concludes:

"1. The Respondent violated MRPC 1.3 in that he did not file the Complainant's Chapter 7 proceeding with reasonable diligence.

"2. The Respondent violated MRPC 1.4(a) in that he failed to keep his client, the Complainant, reasonably informed about the status of the matter and to comply with her reasonable request for information.

"3. By his failure to appear before the Disciplinary Administrator's office for informal admonition when directed and to otherwise communicate with the Disciplinary Administrator's office, the Respondent violated Kansas Supreme Court Rule 207(a) [1991 Kan. Ct. R. Annot. 149].

### "Mitigating or Aggravating Circumstances

"In reaching its recommendations as to discipline in this case, the Hearing Panel has considered the following factors:

"1. The Respondent has no prior record of discipline.

"2. In his response to the Wichita Grievance Committee which originally investigated this complaint, the Respondent was frank in admitting his fault and indicated that he was under considerable stress for which he was seeking professional counseling.

"3. The Respondent's total failure to communicate with the Disciplinary Administrator's office following the initial Review Committee determination seems under all the circumstances to evidence aberrant behavior bringing into question the Respondent's current capacity to practice law.

### "Recommendation of Discipline

"The panel does not minimize the violations of the Model Rules of Pro-

fessional Conduct which were first brought to the attention of the Review Committee, but recognizes, as did the Review Committee, that such conduct in an initial instance is normally dealt with by the least severe discipline which this board or the court can administer. After indicating a willingness to 'take his medicine' the Respondent appears to have chosen to wholly ignore the disciplinary system established by the court. As previously indicated, we think this conduct is irrational on the part of the Respondent and brings into question his current fitness to represent the public.

"It is therefore the recommendation of the Hearing Panel that the Respondent be suspended from the practice of law for a period of not less than one (1) year and until his readmission on petition for reinstatement directed to the court."

The matter was then set for hearing before this court on September 18, 1992, and notice thereof was sent to the respondent. Respondent neither appeared nor made any contact relative thereto.

Under the totality of the bizarre circumstances herein, we conclude we have no alternative but to agree with and accept the panel's recommendation of discipline.

IT IS THEREFORE ORDERED that Timothy P. Wood be and he is hereby suspended from the practice of law in this state for a period of at least one year pursuant to Supreme Court Rule 203(a)(2) (1991 Kan. Ct. R. Annot. 143) with reinstatement subject to the petition requirements set forth in Supreme Court Rule 219 (1991 Kan. Ct. R. Annot. 166).

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1991 Kan. Ct. R. Annot. 163).

IT IS FURTHER ORDERED that the costs of the proceeding be assessed to respondent and that this order be published in the official Kansas Reports.