No. 69,067

In The Matter of TIMOTHY P. WOOD, *Respondent.*

(850 P.2d 234)

Opinion filed April 16, 1993.

*Bruce E. Miller,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance was made for respondent.

*Per Curiam:* This is an attorney disciplinary proceeding involving Timothy P. Wood, an attorney licensed to practice law in Kansas.

The formal complaint consisted of three counts which allege that respondent had violated MRPC 1.3 (1992 Kan. Ct. R. Annot. 248) in failing to act with reasonable diligence and promptness in representing a client; MRPC 1.4 (1992 Kan. Ct. R. Annot. 251) in failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; and Supreme Court Rule 207 (1992 Kan. Ct. R. Annot. 160) in failing to aid the Board for Discipline of Attorneys and the Disciplinary Administrator in investigations concerning complaints of misconduct and to communicate to the Disciplinary Administrator any information he may have affecting such matters.

A panel hearing on the complaint was held on December 1, 1992. Although notice of the hearing had been sent to respondent's last registered address in Wichita, Kansas, respondent failed to appear at the hearing either in person or by counsel. The Disciplinary Administrator's exhibits were accepted into evidence. Three witnesses appeared on behalf of the Disciplinary Administrator's office. They were Edward Spencer, Carol Johnson, and Tom Basinger. There was no evidence presented on behalf of the respondent.

Thereafter, the hearing panel made the following relevant findings of fact:

The respondent is currently suspended from the practice of law for a period of one year, with the petition requirements

of Rule 219 (1992 Kan. Ct. R. Annot. 180). See *In re Wood,* 251 Kan. 832, 840 P.2d 519 (1992).

Reports of the attorneys appointed to investigate the three claims reflect that the respondent did not in any way cooperate in their respective investigations.

Regarding Count I, Edward Spencer testified that the respondent accepted payment for handling a child support matter. The matter involved the filing of an agreed order for payment of past due support and adjusted child support. The parties gave respondent all necessary information, and he did not file the order.

Mr. Spencer requested, on numerous occasions, that Mr. Wood give him his file. The respondent did not provide the file to Mr. Spencer.

With regard to Count II, the respondent accepted a fee from Carol Johnson to file a Chapter 7 bankruptcy on her behalf. The bankruptcy petition was signed by Ms. Johnson in the respondent's office on May 21, 1991, but it was not filed by the respondent until July 30, 1991. During the time between the signing of the bankruptcy petition and the filing of the bankruptcy petition, a judgment creditor filed a garnishment against Ms. Johnson's employer. Ms. Johnson, upon the advice of the respondent, took the garnishment to respondent's office and delivered it to him. The respondent assured her that everything would be taken care of. A judgment was entered against her employer as the garnishee defendant and a garnishment of her employer's funds ensued.

The respondent did not return Ms. Johnson's numerous phone calls and avoided her calls.

With regard to Count III, the respondent was retained by Tom Basinger to file a Chapter 13 bankruptcy. Mr. Basinger paid respondent $220 to begin this work. On or about April 15, 1992, the petition was completed. Mr. Basinger attempted to contact the respondent on numerous occasions after signing the bankruptcy petition to inquire as to whether the bankruptcy had been filed and the stay entered to require Mr. Basinger's creditors to halt their collection efforts. The respondent did

not return Mr. Basinger's frequent phone calls. The respondent finally met with Mr. Basinger, after Mr. Basinger had waited in respondent's office for 4 hours, on June 22, 1992. At this time, the respondent told Mr. Basinger the bankruptcy petition had not been filed. Mr. Basinger told the respondent that he was going to report him to the State Board for Discipline of Attorneys. The respondent told Mr. Basinger that if he would agree not to report him, he would do the bankruptcy for free.

The bankruptcy was filed on June 23, 1992. Mr. Basinger requested that the respondent give him his file. The respondent indicated that he did not have his file at that time. The file was not provided to Mr. Basinger.

Another attorney completed the bankruptcy.

The hearing panel found by clear and convincing evidence that the respondent (1) had failed to cooperate in the investigation of each of these three matters, (2) had not communicated properly with any of the three complainants, (3) was dilatory in making the appropriate court filings on behalf of each of the three complainants, and (4) had failed to conclude work for which he was retained.

The hearing panel concluded there was clear and convincing evidence that the respondent had violated MRPC 1.3, MRPC 1.4, and Supreme Court Rule 207.

There was no evidence presented in mitigation. The hearing panel concluded the evidence in aggravation was overwhelming. It cited respondent's current suspension from the practice of law and that respondent had in all ways and at all times failed to cooperate in the investigation of the pending matters. It found respondent had shown a pattern of not communicating with clients and not being diligent in his handling of their matters.

Based upon these findings and conclusions, the hearing panel recommended that the respondent be disbarred from the practice of law in the State of Kansas.

We agree with the recommendation of the hearing panel.

IT IS THEREFORE ORDERED that Timothy P. Wood be disbarred from the practice of law in Kansas and that he shall comply with

the provisions of Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176).

IT IS FURTHER ORDERED that costs be assessed to respondent and that respondent pay the costs of this proceeding forthwith.

IT IS FURTHER ORDERED that this order of disbarment be published in the official Kansas Reports.